FILED

MAR 3 1 2016

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SIOUX STEEL COMPANY, a South Dakota corporation, | Civ. 15-4136 |
| Plaintiff, | |
| vs. | PROTECTIVE ORDER |
| KC ENGINEERING, P.C., an Iowa corporation, | |
| Defendant. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters the following Protective Order:

1. **Purpose.** This matter involves the disclosure and discovery of confidential, proprietary, and private information for which special protection from public disclosure and any use other than prosecuting this litigation may be warranted. The parties acknowledge that this Order does not confer blanket protection on all disclosures or responses. Rather, it affords protection on those documents and disclosures which the parties agree are confidential and on those documents and disclosures which the Court orders protected.

2. **Process.** A party seeking protection of a document or disclosure under this Order shall do so by designating the documents, deposition, or disclosure or any part thereof as "CONFIDENTIAL". The designating party shall exercise restraint and shall designate as "CONFIDENTIAL" on those portions of any document, deposition, or disclosure which it believes in good faith to contain or reflect confidential information entitled to protection under South Dakota Law.

1

If any party disagrees with the designation of information as "CONFIDENTIAL" it may challenge the designation with reasonable promptness. When a party challenges a designation, the parties shall meet and attempt in good faith to resolve their dispute over the designation. If after a good faith effort to resolve the dispute, the parties still disagree as to whether the document, deposition, or disclosure is entitled to protection the party seeking protection must seek an order from the Court designating the document, deposition, or disclosure or any part thereof as entitled to protection under this Order. The party seeking protection bears the burden of establishing good cause for the protective treatment of discovery materials. During the time when a party seeks a declaration from the Court as to the status of any document, deposition, or disclosure for which protection is sought, that document, deposition, or disclosure must be treated as protected.

3. **All Original Documents or Materials Protected During Inspection.** When a party makes original documents or materials available for inspection for the other party to determine whether it would like them produced or copied, the documents shall be entitled to protection pursuant to this order without designation by the producing party. However, the documents which are produced or copied for the other party must be designated as "CONFIDENTIAL" by the producing party in order to obtain continued protections under this Order.

4. **Duration.** Protection pursuant to this document is binding until the party designating a document as "CONFIDENTIAL" agrees otherwise.

5. **Designation of Confidential Discovery Material.** All discovery material designated as "CONFIDENTIAL" shall be designated as such in the following manner:

 (a) In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL" on the page of any document deemed to contain confidential discovery material. But the legend shall not be placed over any text on the document.

 (b) In the case of responses to interrogatories or other written discovery, designation shall be made by placing a legend recited in subparagraph (a) above any page or any response deemed to contain confidential discovery material. Alternatively, responses deemed to contain confidential discovery material may be bound separately and marked with the legend recited in subparagraph (a) above.

 (c) In the case of depositions, designation of any portion of any transcript deemed to contain confidential discovery material shall be made by a statement of such designation on the record during the course of the deposition, by letter to opposing counsel setting forth a designation of the confidential portion of the transcript or exhibit.

6. **Inadvertent Disclosure without Designation.** A party which inadvertently discloses a document which it believes is entitled to protection under this Order may, if done timely, obtain protection by informing the other party of the inadvertent disclosure. Upon receipt of notice that a disclosure was improper, the party receiving the inadvertent disclosure must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7. **Distribution of Confidential Discovery Material.** The parties to this civil action recognize that the dissemination of Confidential Discovery Material would cause

irreparable harm to the party providing the confidential discovery. Confidential discovery material may be used only for the purposes of the above-captioned action (including any appeals) and not for any business or other purpose. Confidential discovery material may not be given, shown, made available, or communicated in any way to anyone other than: (i) the parties to this civil action, including a corporate party's owners, directors, officers, and employees; (ii) attorneys for the parties to this action, including all attorneys, secretaries, paralegals, and staff of the attorneys' offices; (iii) experts or consultants retained by a party to this civil action, or the attorneys representing a party to this civil action; (iv) authors and original recipients of the document; and (v) insurers, reinsurers, auditors, accountants, etc. to whom the parties or their attorneys have a statutory or contractual obligation to transmit information or reports concerning this civil action. Any party providing confidential discovery material to a non-party identified in this paragraph shall first obtain an executed acknowledgement, attached hereto as Exhibit A.

8. **Submission of Confidential Discovery Material to the Court.** If a party files confidential discovery material with the Court, it shall file such material under seal, in accordance with Local Rule 5.2 of the Federal District Court for the District of South Dakota. No confidential discovery material so filed under seal shall be made available to third parties or the public except by further order of the Court.

9. **Scope of Protective Order.** Nothing herein shall be deemed to limit any party's rights to discovery in connection with this action, or to restrict the prosecution, defense, or settlement of this litigation. It does not apply to restrict the use of any discovered material during litigation in the above-captioned matter.

10. **Issues.** Not Addressed by Order. Any dispute which may arise, not addressed by this Order is governed by the Federal Rules of Civil Procedure.

This Protective Order may be modified by the Court for good cause

Dated this 30 day of March, 2016.

BY THE COURT:

*Karen E. Schreier*

Hon. Karen E. Schreier
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SIOUX STEEL COMPANY, a South Dakota corporation, | Civ. 15-4136 |
| Plaintiff, | |
| vs. | |
| KC ENGINEERING, P.C., an Iowa corporation, | ACKNOWLEDGEMENT |
| Defendant. | |

I have read the Protective Order concerning the confidentiality of information in the above-captioned litigation. I understand that the Protective Order is a Court Order designed to preserve the confidentiality of certain designated documents and information contained therein. I also understand that the Protective Order restricts the use and disclosure of such designated documents and information contained therein, and it also requires the safeguarding of the designated documents and other materials containing confidential information.

I agree to comply with all provisions of the Protective Order. I also hereby submit myself to the jurisdiction of the Court for the purpose of enforcement of any provision of the Protective Order.

Dated this ___ day of _____, 2016.

_____
(Signature)

_____
(Printed Name)