UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SIOUX STEEL COMPANY, a South Dakota corporation, | ) ) ) | CIV:15-4136 |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **AMENDED COMPLAINT** |
| KC ENGINEERING, P.C., an Iowa corporation, | ) ) ) ) | |
| Defendant. | ) | |

COMES NOW Plaintiff, Sioux Steel Company, by and through their attorneys of record, and for its Amended Complaint and cause of action against the above-named Defendant, does hereby state and allege as follows:

### PARTIES

1. At all pertinent times, Plaintiff, Sioux Steel Company (SSC) is a South Dakota corporation with a principal place of business in Sioux Falls, South Dakota.

2. At all pertinent times, Defendant KC Engineering, P.C. (KC), is an Iowa corporation with a principal place of business in Sioux City, Iowa.

3. The amount in controversy exceeds $75,000, exclusive of costs and interest.

### JURISDICTION

4. Jurisdiction is properly based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.



1

## VENUE

5. Venue is proper in the United States District Court for the District of South Dakota, Southern Division, pursuant to 28 U.S.C. § 1391 because the acts, omissions, or events giving rise to this lawsuit occurred in Minnehaha County, South Dakota.

## FACTS

6. Sioux Steel is in the business of manufacturing and selling hopper silos for the use of handling and storing commodities.

7. Prior to manufacturing and selling the 30' Diameter Hopper Cone Assembly and silo bin for commodity storage and delivery, SSC retained Defendant to perform a structural engineering analysis and design review of two hopper cones that are proposed for use with Sioux Steel Company's 18' diameter and 30' diameter grain bins..

8. Defendant delivered its report, dated the 28th day of August, 2012, to Plaintiff and advised Plaintiff that the design of the 30' diameter hopper was not sufficient as designed.

9. On October 2, 2012, Defendant revised its position with respect to its report dated the 28th day of August, 2012, finding that the design of the 30' diameter hopper was adequate, and safe for handling the load capacity as designed, for commodity storage and delivery.

10. Relying on the advice of Defendant, Plaintiff tooled for the assembly and manufacturing of the hopper silo, and then manufactured and sold the hopper silo to its customers.

11. Defendant knew that Plaintiff retained the Defendant, an engineering counseling firm, to review the design for load capacity of commodities and the safe storage and handling of commodities.

12. On or about November 2014, Molinos Azteca ("Molinos"), an authorized distributor for the Plaintiff, sold the hopper silo to Agropecuaria El Avion ("Agropecuaria") for the handling, storage, and delivery of soybean meal commodity. Molinos installed the hopper silo at the Agropecuaria plant in Tepic, Mexico.

13. On or about February 2, 2015, two employees of Agropecuaria were using the hopper silo for delivery of commodities when the hopper silo, without warning, catastrophically failed discharging 681,820.00 Kg (approximately 750 tons) of soybean meal and metal debris on the workers.

14. The two Agropecuaria employees suffered fatal injuries.

15. The vertical seams on the hopper separated.

16. Agropecuaria is seeking direct damages from Plaintiff for the loss of equipment and soybean meal, and for contribution and indemnity under Mexican law for the death of its two employees. The damage claim of Agropecuaria exceeds 1.5 million dollars.

17. After the accident, an investigation was undertaken to determine the cause of the failure. The structural failure and discharge of soybean meal occurred when the seams in the hopper separated under load pressure and discharged the contents of the silo.

18. The investigation revealed a design defect in the bolt spacing and depth in the vertical metal seams of the hopper. The seam design failed to meet industry standards for seams as set forth in ANSI/ASAE EP433 Dec. 1988 (R2011) and Australian Standard "Loads on Bulk Solid Containers."

19. The defective and inadequate vertical seam design on the hopper existed at the time Defendant performed its structural engineering analysis of the hopper silo design.

## COUNT ONE - NEGLIGENCE

20. Plaintiff incorporates by reference each and every paragraph set forth herein.

21. Defendant knew the intended use and purpose of the hopper silo.

22. Defendant owed a duty to Plaintiff to exercise reasonable professional care, skill, and judgment in performing a structural engineering analysis of the design plans.

23. Defendant breached that duty by failing to identify the design defect in the vertical seams of the hopper, and approved the design plans with defects.

24. Defendant was otherwise negligent.

25. As a direct and proximate cause of Defendant's negligence, Plaintiff has incurred, or will incur, damages for the hopper silo failure, including equipment loss, soybean meal loss, installation cost, and loss of income.

26. As a direct and proximate cause of Defendant's negligence, Plaintiff has incurred liability to indemnify Agropecuaria for death benefits for spouses and dependent children payable under the Mexican Social Security Institute.

27. As a direct and proximate cause of Defendant's negligence, Plaintiff has incurred expenses in investigating the failure.

28. As a direct and proximate cause of Defendant's negligence, Plaintiff has incurred expenses and losses in tooling for the assembly of the hopper silo.

29. As a direct and proximate cause of Defendant's negligence, Plaintiff has incurred expenses in warning other owners of similar hopper silos in Mexico that the hopper silos cannot withstand the loading dynamics of near capacity loads and that loading must be substantially reduced for safe operation.

30. As a direct and proximate cause of Defendant's negligence, Plaintiff has incurred the expense of designing, modifying, installing and shipping parts and materials to replace the hopper cones on other owner's similar hopper silos in Mexico, <u>and other locations</u>.

31. As a direct and proximate cause of Defendant's negligence, Plaintiff has and will continue to suffer a loss, and has suffered a detriment to business reputation, in an amount to be determined at trial.

32. Plaintiff respectfully requests the Court to allow the jury, in its discretion, to award Plaintiff's interest on the entire amount of their losses commencing on February 2, 2015, as allowed by Rule 38 of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. That Defendant is found liable for Plaintiff's damages;
b. For general and special damages in an amount to be determined by the jury, plus prejudgment interest thereon;
c. For Plaintiff's interest on the entire amount of it losses commencing on February 2, 2015;
d. For Plaintiff's cost and disbursements herein; and
e. For such other and further relief as the Court deems just and equitable.

Dated this _____ day of _____, 2016.

GOODSELL QUINN, LLP

By:_____
G. Verne Goodsell
Nathan R. Oviatt
246 Founders Park Dr., Suite 201
P.O. Box 9249
Rapid City, SD 57709-9249
Tel: (605) 343-3000 / Fax: (605) 343-3251
ATTORNEYS FOR PLAINTIFF

PLAINTIFF REQUESTS TRIAL BY JURY

By: _____
G. Verne Goodsell