UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

| | |
|---|---|
| SIOUX STEEL COMPANY, a South Dakota corporation, | Civ. 15-4136 |
| Plaintiff, | |
| vs. | **ANSWER TO AMENDED COMPLAINT** |
| KC ENGINEERING, P.C., an Iowa corporation, | |
| Defendant. | |

---

Defendant KC Engineering, P.C., by and through its undersigned attorneys, and for its Answer to Plaintiff's Amended Complaint, states and alleges as follows:

1. Plaintiff's Amended Complaint fails to state a claim against Defendant upon which relief may be granted.

2. Defendant denies each and every matter, thing and allegation contained in Plaintiff's Amended Complaint except as hereinafter specifically admitted.

3. Defendant admits the allegations contained in paragraphs 1 – 4 of Plaintiff's Amended Complaint.

4. Defendant denies the allegations contained in paragraph 5 of Plaintiff's Amended Complaint, denies that venue is proper in the District of South Dakota, and remits Plaintiff to the strict proof thereof.

5. In response to the allegations contained in paragraph 6 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff is in the business of manufacturing and selling hopper silos, but further states and alleges that Plaintiff also designs said silos

1

generally and, specifically, designed the silo at issue by and through engineers who work for and are employees of Plaintiff.

6. In response to the allegations contained in paragraph 7 of Plaintiff's Amended Complaint, Defendant states that the scope of Defendant's obligations was set forth in a memorandum dated July 30, 2012, and further states that the scope as set forth in the July 30, 2012, memorandum was orally limited and reduced thereafter.

7. In response to the allegations contained in paragraphs 8 – 9 of Plaintiff's Amended Complaint, Defendant states that the documents dated April 28, 2012, and October 2, 2012, speak for themselves.

8. Defendant denies the allegations contained in paragraphs 10 – 11 of Plaintiff's Amended Complaint and remits Plaintiff to the strict proof thereof.

9. Defendant is without sufficient information to either admit or deny the allegations contained in paragraphs 12 – 19 of Plaintiff's Amended Complaint and therefore denies the same and remits Plaintiff to the strict proof thereof.  Further, Defendant specifically denies that Defendant designed the hopper and/or silo in question, specifically denies that it designed the vertical metal seams of the hopper and their bolt spacing and depth, and denies that Plaintiff ever asked or sought Defendant's review of the bolt spacing and depth in the vertical metal seams of the hopper and remits Plaintiff to the strict proof thereof.

10. Defendant denies the allegations contained in paragraphs 20 – 32 (Count One – Negligence) of Plaintiff's Amended Complaint and remits Plaintiff to the strict proof thereof.  Defendant affirmatively states that it performed its services for Plaintiff using the requisite professional care, skill, and judgment as required by law and the

scope of services set forth in the July 30, 2012, memorandum, which was later orally modified and reduced.

11. As an affirmative defense, Defendant states and alleges that the hopper and/or silo were misused, as soybean meal was not contemplated for use in said items.

12. As an affirmative defense, Defendant states and alleges that contributory negligence and/or assumption of the risk bar all or some of Plaintiff's recovery.

13. As an affirmative defense, Plaintiff misrepresented the use of the hopper and/or silo to Defendant if Plaintiff intended and/or allowed soybean meal to be placed in the hopper and/or silo.

14. Defendant asserts that venue is not proper in this Court.

15. As an affirmative defense, Plaintiff has failed to mitigate its damages.

WHEREFORE, Defendant respectfully prays that the Court dismiss Plaintiff's Amended Complaint on the merits and with prejudice, that Plaintiff have and recover nothing thereunder, that Defendant be awarded its costs and disbursements as allowed by law, and for such other and further relief as the Court deems just and proper.

Dated this 13th day of January, 2017.

/s/ *Michael F. Tobin*
Filed Electronically
Michael F. Tobin
Meghann M. Joyce
BOYCE LAW FIRM, L.L.P.
300 South Main Avenue
P.O. Box 5015
Sioux Falls, SD  57117-5015
(605) 336-2424
mftobin@boycelaw.com
mmjoyce@boycelaw.com
Attorneys for Defendant KC Engineering, P.C.

3

## JURY TRIAL DEMAND

Defendant hereby demands trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I, Michael F. Tobin, hereby certify that I am a member of the Boyce Law Firm, L.L.P., and that on the 13th day of January, 2017, I electronically filed the foregoing Answer to Amended Complaint with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

G. Verne Goodsell
verne@goodsellquinn.com

Nathan R. Oviatt
nate@goodsellquinn.com

/s/   *Michael F. Tobin*
Filed Electronically
Michael F. Tobin