Privilegiado y Confidencial | Privileged and Confidential   CONFIDENTIAL

| CONVENIO INTERNACIONAL DE FINIQUITO Y RENUNCIA A RECLAMACIONES POR DAÑOS Y PERJUICIOS | INTERNATIONAL RELEASE OF ALL PROPERTY DAMAGE CLAIMS |
|---|---|
| El presente Convenio de Finiquito (el "Convenio de Finiquito") relativo a posibles reclamos y con el interés de evitar un litigio, celebrado por y entre la sociedad Mexicana Agropecuaria el Avión, Sociedad de Producción Rural de Responsabilidad Limitada, debidamente representada en este acto por su representante legal Sr. David Castro Monroy (en lo sucesivo, el "Otorgante") y Sioux Steel Company, una Corporación de Dakota del Sur, Estados Unidos de América (USA), debidamente representada en este acto por el Sr. Phillip Rydson (en lo sucesivo, la "Parte Liberada"), y en conjunto las "Partes" al presente Convenio de Finiquito. | This is an Release Agreement (the "Release Agreement") with respect to potential claims and in the interest of avoiding litigation by and between Agropecuaria el Avión. Sociedad de Producción Rural de Responsabilidad Limitada, a Mexican Rural Production Limited Liability Entity, duly represented by its legal representative Mr. David Castro Monroy (hereinafter, the "Releasor") and Sioux Steel Company, a South Dakota Corporation, United States of America (USA), duly represented herein by Mr. Phillip Rysdon (hereinafter, the "Releasee"), and are together the "Parties" to this Release Agreement. |
| **1. Hechos Relativos al Objeto del presente Convenio de Finiquito.** | **1. Facts Concerning the Purpose of this Release Agreement.** |
| El 2 de febrero del 2015, ocurrió el colapso de una tolva fabricada en el Estado de Dakota del Sur, USA, en el domicilio del Otorgante ubicado en Avenida las Torres #610, en la ciudad de Tepic, Nayarit, México (en lo sucesivo, el "Siniestro") lo cual le causó daños al Otorgante, así como daños posteriores conocidos y posibles daños aún desconocidos. El colapso le ha sido atribuido a una falla de las uniones de soldadura de la tolva. | On February 2, 2015, a collapse of a hopper bin manufactured in the State of South Dakota, USA, occurred in the Releasor's domicile at Avenida las Torres #610, city of Tepic, Nayarit, México, hereinafter (the "Incident") causing damages to Releasor, as well as subsequent known losses, and potentially unknown losses at this time. The collapse has been attributed to the failure of the hopper bin seams. |
| **2. Facultades e Información de las Personas Morales.** | **2. Authority and Corporate Entity Background Information.** |
| (a) El Otorgante en este acto manifiesta y declara, a través de su funcionario, director o representante legal autorizado: | (a) Releasor hereby states and represents, through its authorized officer, director or agent: |
| 1. Que es una sociedad de producción rural de responsabilidad limitada, debidamente constituida bajo las leyes de los Estados Unidos Mexicanos ("México"), según consta en escritura pública No. 2,549 otorgada ante la fe del Lic. Arturo J. Diaz Lopez. Notario Público No. 11 con | 1. That it is a rural production limited liability entity, duly organized under the laws of the United Mexican States ("Mexico"), as has been established in public instrument No. 2,549 granted before Mr. Arturo J. Diaz Lopez, Notary Public No. 11 holding office in |

1

PLF 1345

ejercicio en la Demarcación Notarial No. 1 del Estado de Nayarit, **en fecha 29 de Mayo de 1987**, e inscrita en el Registro Público de la Propiedad y el Comercio de la Ciudad de Tepic, Nayarit, bajo las fojas 198, partida No. 58, Tomo 45, el 5 de Junio de 1987, se adjunta copia de la misma al presente como Anexo A, formando parte integral del mismo.

2. Que su representante cuenta con las facultades suficientes para celebrar el presente convenio, mismas que no le han sido revocadas o limitadas a la fecha del presente, según consta en escritura pública No. 1766 otorgada ante la fe del Lic. Luis Miguel Castro Montero, Notario Público No. 19, con ejercicio en la Demarcación Notarial No. 1 del Estado de Nayarit, en fecha 11 de Agosto de 1998, e inscrita en el Registro Público de la Propiedad y el Comercio de la Ciudad de Tepic, Nayarit, bajo la Partida No. 46, Libro 26, Sección 3, el 2 de Septiembre de 1998, se adjunta copia de la misma al presente como Anexo B, formando parte integral del mismo.

3. Que es su inequivoco y claro deseo celebrar el presente Convenio de Finiquito para efectos de finiquitar cualquier controversia actual o futura relacionada, directa o indirectamente, con el Siniestro, sin reserva legal alguna, a través de las concesiones aquí mencionadas.

(b) La Parte Liberada declara, a través del Sr. Phillip Rydson:

1. Que es una corporación, debidamente constituida de conformidad con las leyes del Estado de Dakota del Sur, EE.UU., se adjunta copia del instrumento constitutivo de la misma al presente como Anexo C, formando parte integral del presente.

District No. 1 of the State of Nayarit, dated May, 29, 1987 and recorded in the Public Registry of Property and Commerce of Tepic, Nayarit, under pages 198, lot No. 58, Tome 45, on June 5, 1987, a copy of which is attached hereto as Exhibit A, being incorporated herein by reference.

2. That its legal representative or authorized officer, director or agent is duly empowered to enter into this Release Agreement, as such entitlement has not been limited or revoked as of this date, as has been established in public instrument No. 1766 granted before Mr. Luis Miguel Castro Montero, Notary Public No. 19, holding office in District No. 1 of the State of Nayarit, dated August, 11 of 1998, and recorded in the Public Registry of Property and Commerce of Tepic, Nayarit, under Lot No. 46, Book 26, Section 3 on September 2 of 1998, a copy of which is attached hereto as Exhibit B, being incorporated herein by reference.

3. That it is its unequivocal and clear intention to enter into this Release Agreement in order to resolve any current or future controversy related, directly or indirectly, to the Incident, without any reservations, through the considerations mentioned herein.

(b) The Releasee hereby states, through Mr. Phillip Rysdon:

1. That it is a duly organized corporation in accordance to the laws of the State of South Dakota, USA, a copy of its organizational documents is attached hereto as Exhibit C and incorporated herein by reference.

2

EXHIBIT E

Privilegiado y Confidencial | Privileged and Confidential    CONFIDENTIAL

2. Que su representante cuenta con las facultades suficientes para celebrar el presente Convenio de Finiquito, mismas que no le han sido revocadas o limitadas a la fecha del presente, según consta en instrumento del cual se adjunta copia al presente como Anexo D, formando parte integral del mismo.

3. Que es su deseo celebrar el presente Convenio de Finiquito para efectos de finiquitar cualquier controversia actual o futura relacionada, directa o indirectamente, con el Siniestro, sin reserva legal alguna, a través de las concesiones convenidas entre las Partes.

(c) Los suscritos manifiesta y garantizan que los mismos cuentan con las facultades expresas, mismas que no han sido revocadas o limitadas en forma alguna, para actuar en representación de sus poderdantes.

3. **Ley y Jurisdicción Aplicable, Idioma Prevaleciente.**

a. El presente Convenio de Finiquito fue redactado en los idiomas inglés y español; sin embargo, las Partes acuerdan que para los efectos de interpretación y entendimiento de las disposiciones aquí establecidas, la versión en inglés del presente Convenio de Finiquito prevalecerá.

b. El Otorgante y la Parte Liberada convienen mutuamente que la tolva sujeto del Siniestro mencionado en el Párrafo 1 fue fabricada en el Estado de Dakota del Sur, USA, y que las leyes del Estado de Dakota del Sur, USA serán aplicables a todas las Partes del presente Convenio de Finiquito. Por lo tanto, las Partes expresamente se someten a las leyes del Estado de Dakota del Sur, USA para todos los efectos a que haya lugar, y el Convenio de Finiquito deberá ser interpretado de

2. That its director is duly empowered to enter into this Release Agreement, as such entitlement has not been limited or revoked as of this date, and has been established by instrument attached hereto as Exhibit D and incorporated herein by reference.

3. That it wishes to enter into this Release Agreement in order to resolve any current or future controversy related, directly or indirectly, to the Incident, without any reservations, through the considerations agreed to herein by the Parties.

(c) The undersigned(s) represent and warrant that they each have the express authority, which has not been revoked or limited in any way, to act on behalf of the entities they represent.

3. **Venue, Choice of Law, and Prevailing Language.**

a. This Release Agreement has been prepared in English and Spanish versions; however, it is agreed by the Parties that for purposes of interpretation and construction of the provisions hereof, the English version of this Release Agreement shall prevail.

b. The Releasor and Releasee mutually agree that the subject of the Incident identified in Paragraph 1 was manufactured in the State of South Dakota, USA, and the law of the State of South Dakota, USA, shall apply to all Parties of this Release Agreement. Therefore the Parties expressly submit to the laws of the State of South Dakota, USA for all legal purposes and effects, and the Release Agreement shall be construed and

3

PLF 1347

Privilegiado y Confidencial | Privileged and Confidential   CONFIDENTIAL

conformidad con las leyes del Estado de Dakota del Sur, USA.

c. Las Partes expresamente convienen que cualquier disputa que surja del presente Convenio de Finiquito deberá presentarse y resolverse ante el Tribunal de Distrito de los Estados Unidos radicado en Dakota del Sur, División Sur, por lo que las Partes en este acto expresamente se someten a la jurisdicción y competencia de dicha autoridad, renunciando en este acto a cualquier otro fuero que por razón de su domicilio actual o futuro, o por cualquier otra razón, les pudiera corresponder.

d. El presente Convenio de Finiquito finiquita y libera todos los reclamos aquí contemplados, en cualquier jurisdicción, incluyendo, sin limitación alguna, los Estados Unidos de América y México.

## 4. El Convenio de Finiquito Internacional.

a. La presente renuncia absoluta y sin reservas de todas las reclamaciones, demandas o derechos que hubiere, además de eximir, liberar, extinguir y satisfacer todas las reclamaciones cubiertas, también exime, libera, extingue y satisface cualquier sentencia extranjera dictada o que pudiera dictarse en un futuro de cualquier tribunal administrativo o judicial fuera de USA, cual sea su área de competencia y/o jurisdicción.

b. El Otorgante disputa cualquier responsabilidad ante cualquier reclamo realizado por los herederos o la sucesión de los extintos. La Parte Liberada conviene que no intentara recibir consideraciones o indemnizaciones por parte del Otorgante por cualquier reclamo realizado por los herederos o la sucesión de los extintos en USA o México.

interpreted in accordance with the laws of the State of South Dakota, USA.

c. The Parties hereby expressly agree that any dispute arising out of this Release Agreement shall be venued and resolved in the United States District Court of South Dakota, Southern Division, therefore the Parties hereby expressly submit to the competence and jurisdiction of such courts, hereby waiving their right to any other venue that may be applicable by reason of their current or future domicile or for any other reason.

d. This Release Agreement is a release of all claims contemplated herein, in all venues, including, but not limited to, the USA and México.

## 4. The International Release Agreement.

a. This full and complete Release Agreement, without reservation of claim, demand or right, of all claims, and not only discharges, releases, extinguishes and satisfies all of the covered claims, but discharges, releases, extinguishes and satisfies any foreign judgment obtained or that may be obtained in the future in any administrative or judicial tribunal outside of the USA, regardless of its jurisdiction, under any basis.

b. Releasor disputes any liability for any claims made by the heirs or estate of the decedent(s). Releasee agrees not to pursue contribution or indemnification from the Releasor on any claim brought by the heirs or estate of the decedent(s) in the USA or Mexico.

4

Privilegiado y Confidencial | Privileged and Confidential   CONFIDENTIAL

c. El presente Convenio de Finiquito exime, libera, extingue y satisface cualesquier reclamaciones presentadas respecto al derecho de ejecución, gravamen o embargo en USA sobre cualquier sentencia emitida por cualquier tribunal administrativo o judicial ajeno a dicho país respecto a los daños alegados que se mencionan en el Párrafo 1, Hechos Relativos al Objeto del presente Convenio de Finiquito.

d. El presente Convenio de Finiquito es una avenencia sobre un reclamo por daños disputado. Los pagos monetarios realizados por la Parte Liberada al Otorgante bajo este Convenio de Finiquito se realizan únicamente con el objeto expreso de cumplir con las obligaciones de la Parte Liberada bajo los términos y condiciones del presente Convenio de Finiquito.

e. Respecto al Siniestro mencionado en el Párrafo 1 del presente, y en consideración exclusiva del pago de Seiscientos Ochenta y Cinco Mil Dólares ($685,000.00) de los cuales Cuatrocientos Treinta y Cinco Mil Dólares de los Estados Unidos ($435,000.00) serán pagados en la fecha del presente instrumento a favor del Otorgante por la Parte Liberada. El saldo se pagará de la siguiente forma por así convenirlo las Partes:

1. Un pago adicional de Ciento Veinticinco Mil Dólares de los Estados Unidos de América ($125,000.00) será realizado a más tardar el día 31 de julio del año 2016, y

2. Ciento Veinticinco Mil Dólares de los Estados Unidos de América ($125,000.00) serán pagados a más tardar el día 30 de abril del año 2017.

3. Todos los pagos contemplados dentro del presente deberán realizarse mediante

c. This Release Agreement discharges, releases, extinguishes and satisfies any asserted claim to a right of execution, lien, or garnishment, in the USA on any judgment from any administrative or judicial tribunal of a foreign country with respect to the property damage allegation described in Paragraph 1, Facts Concerning the Purpose for this Release Agreement.

d. This Release Agreement is a compromise of a disputed damage claim. Any and all monetary payments transacted from Releasee to Releasor under this Release Agreement are solely for the express purpose of fulfilling the Releasee's obligations under the terms and conditions of this Release Agreement.

e. Regarding the Incident described in Paragraph 1 herein, and in sole consideration of the payment of Six Hundred Eighty-Five Thousand Dollars ($685,000.00) of which Four Hundred and Thirty-Five Thousand United States Dollars, ($435,000.00) will be paid on the date of execution to the Releasor by the Releasee. The balance shall be paid in the following manner as agreed between the Parties hereto:

1. An additional payment of One Hundred Twenty-Five Thousand Dollars United States Dollars ($125,000.00) shall be paid on or before July 31, 2016, and

2. One Hundred Twenty-Five Thousand United States Dollars ($125,000.00) shall be paid on or before April 30, 2017.

3. All payments herein shall be delivered by wire to the following:

5

EXHIBIT E

transferencia electronica a la siguiente cuenta:
Beneficiario: Agropecuaria el Avión, S. de P. R. de R. L.
Banco: BBVA BANCOMER, S. A.
No. de Cuenta: 0442447444
CODE SWIFT
BCMRMXMMPYM
Domicilio: Av. Paseo de La Reforma 510, Col Juarez, Del. Cuauhtemoc, C.P. 06600 México, D. F.

f. En aras de una actuación más eficiente y con el fin de evitar la carga y los costos relativos a un procedimiento transfronterizo respecto al Siniestro en donde la Parte Liberada esté involucrada o sea requerida, el Otorgante conviene que cooperará con la Parte Liberada sin la necesidad de orden judicial alguna o el involucramiento de las autoridades judiciales Mexicanas, al: (i) asegurarse que sus socios, miembros del consejo de administración, empleados, ejecutivos, funcionarios, trabajadores, representante o agentes estén disponibles para rendir testimonio o actuar como testigos en todos los asuntos y procedimientos relativos al Siniestro, como sea solicitado por la Parte Liberada en forma razonable y de tiempo en tiempo, en cualquier ubicación razonable que sea designada por la misma, y para lo cual la Parte Liberada pagará todos los costos relativos al traslado a dicha ubicación, y (ii) entregar, sin limitación, todos los documentos, pruebas, evidencias, recursos, materiales, fotografías, videos, correos electrónicos, copias, informes, inspecciones, formatos, videos y otros materiales que se hayan levantado o se vayan a levantar, redactar o generar en consecuencia del Siniestro, o que estén relacionados con el mismo.

g. El Otorgante, sus representantes, abogados, sucesores y cesionarios (las "Partes Relacionadas") en este acto inequívocamente

Beneficiary: Agropecuaria el Avión, S. de P. R. de R. L.
Bank: BBVA BANCOMER, S. A.
Account Number: 0442447444
CODE SWIFT
BCMRMXMMPYM
Address: Av. Paseo de La Reforma 510, Col Juarez, Del. Cuahtemoc, C.P. 06600 México, D. F.

f. In an effort to act more efficiently and avoid the burden of and associated costs of any cross-border matter or proceeding related to the Incident in which Releasee may be involved or required for other related matter, the Releasor agrees to cooperate with the Releasee without the need for any subpoenas or involvement of Mexican courts or authorities by: (i) making its members, board members, employees, executives, officers, workers, agents or representatives available to provide testimony or act as a witness in all matters and proceedings related to the Incident, as Releasee may reasonably request from time to time, at any reasonable location that the Releasee may designate, and for which Releasee shall pay for all costs associated with travel thereto, and (ii) delivering, without limitation, all documents, proof, evidence, resources, materials, photographs, videos, emails, copies, reports, inspections, forms, videos and other materials which have been made or will be made, drafted or generated as a result of the Incident, or which are related to said Incident.

g. Releasor, its representatives, attorneys, successors and assigns, ("Related Parties") hereby unequivocally and

6

PLF 1350

EXHIBIT E

Privilegiado y Confidencial | Privileged and Confidential    CONFIDENTIAL

y en forma definitiva manifiestan su conformidad con el finiquito recibido, los términos de pago, y la obligación de cooperar, y por lo tanto en este acto el Otorgante libera para siempre a la Parta Liberada, sin reservarse demanda, reclamo o derechos algunos, de cualesquier reclamos, demandas, responsabilidades, obligaciones, daños, gastos y costas (salvo por aquellos mencionados en el Párrafo 4(f)), procedimiento, perdidas comerciales, perdidas futuras, quejas y acciones, ya sean contractuales o por daños, litigios, responsabilidad civil, consecuencias, intereses, incluyendo acciones y causas de la acción por daños punitivos o ejemplares, honorarios de abogados, actos u omisiones de negligencia bruta, incluyendo todos los derechos de pago por daños o compensación del Otorgante (salvo por los pagos establecidos en el Párrafo 4(e)), o a cualquier otra entidad gubernamental o tercera persona que pudiese reclamar derechos de subrogación a los procedimientos relativos al presente finiquito, que reclame por, a través de o bajo el Otorgante, o cualquier persona que reclame por, a través de, o bajo el Otorgante por cualquier perdida, daño o causa de la acción que surjan del Siniestro.

h. En este acto el Otorgante renuncia a, sin reserva alguna, cualquier derecho, beneficio o acción de los que sea titular, ya sea de carácter civil, mercantil, penal, administrativa o de cualquier otra índole, en contra o respecto de:

   1. La Parte Liberada; y
   2. De cualquier causahabiente o cesionario de la Parte Liberada, incluyendo, sin limitación, cualquier causahabiente de derechos personales o reales de la Parte Liberada, y de cualquier bien o derecho que forme parte del mismo.

i. Las Partes en este acto reconocen que la permanencia de los daños sufridos por el

definitely state their satisfaction with the settlement received, the terms of payments, and the duty to cooperate, and therefore Releasor hereby releases and forever discharges the aforesaid Releasee, without reserving any claims, demands or rights whatsoever, from any and all claims, demands, liabilities, obligations, damages, costs, expenses (excluding those provided in Paragraph 4(f)), processes, business losses, future losses, claims and actions whether in contract or tort, demands, liabilities, consequences, interest, including actions and causes of actions for punitive or exemplary damages or for attorneys' fees, reckless or negligent acts or omissions, including each and every right of payment for damages or compensation to Releasor (excluding the payments set forth in Paragraph 4(e)), or any other governmental entity or other third party which may claim subrogation rights to the proceeds of this settlement, claiming by, through or under Releasor, or anyone claiming by, through, or under Releasor for any loss, damage, or cause of action arising from the Incident.

h. The Releasor hereby waives, without any reservations, any right, benefit or action pertaining to it, be it civil, commercial, criminal, administrative or any other type, against and with respect to:

   1. The Releasee; and
   2. Any successor and assigns of the Releasee, including, without limitation, any successor of personal or real property rights of the Releasee, and any assets or rights thereto.

i. The Parties hereby acknowledge and agree that the permanency of the damages

PLF 1351

EXHIBIT E

Privilegiado y Confidencial | Privileged and Confidential   CONFIDENTIAL

Otorgante puede ser desconocida. Podrian surgir daños o consecuencias que no existan actualmente o que sean desconocidos como resultado del Siniestro. No obstante lo anterior, la intención del Otorgante, a su leal saber y entender y bajo su propio juicio, es que el presente Finiquito sea aplicable y ampare todas las consecuencias no anticipadas y desconocidas respecto a los daños, y además, respecto a todos los daños no conocidos o anticipados que resulten del Siniestro. Incluyendo, si limitación, el valor total de la tolva mencionada en el Párrafo 1, y por lo tanto el Otorgante expresamente reconoce que cualquier garantía, ya sea expresa o implícita, queda extinguida mediante el presente, a satisfacción del mismo, sin reserva legal alguna.

j.  El suscrito Otorgante, la Sociedad Mexicana Agropecuaria el Avion, S. de P.R. de R.L. y cualesquier sociedades subsidiarias, representantes, sucesores y cesionarios de la misma, por medio del presente otorgan el más amplio finiquito y eximen, sin reserva alguna, a la Parte Liberada, sus sucesores y cesionarios, causahabientes, agentes, empleados, funcionarios, directores, representantes, subsidiarias, matrices, divisiones y filiales, distribuidores y concesionarios, así como a cualesquier otras personas o firmas relacionadas, de todas y cada una de las reclamaciones, demandas, obligaciones, acciones, causales, derechos de subrogación, y cualquier responsabilidad por o en relación con. todas y cada una de las pérdidas, daños, perjuicios, gastos y costas, incluyendo todas aquellas que ahora o posteriormente surjan, directa o indirectamente, del Siniestro. el Otorgante mantendrá en paz y a salvo y deberá indemnizar a la Parte Liberada de cualesquier demandas o acciones por cualquiera de las Partes Relacionadas del Otorgante, incluyendo, sin limitación, empresas matrices, subsidiarias, filiales, herederos, sucesores o

sustained by Releasor may be unknown. Damages and consequences not now existing and presently unknown may develop as a result of the Incident. Notwithstanding the foregoing, it is the Releasor's intent, relying solely on their own judgment, belief, and knowledge, that this Release shall apply to and cover all unknown and unanticipated damages resulting from the Incident. Including, without limitation, the full value of the hopper bin mentioned in Paragraph 1, and therefore Releasor hereby expressly acknowledges that any guarantee, whether express or implicit, is hereby extinguished to its satisfaction, without any reservation thereto.

j.  The undersigned Releasor, Mexico Corporation, Agropecuaria el Avion, S. de P.R. de R.L. and any subsidiary corporation(s), representatives, successors and assigns, hereby fully and forever release and discharge. without any reservation of claim, demand or right, the Releasee, its successors and assigns, agents, employees, officers, directors, representatives, subsidiaries, parent companies, divisions and affiliates, distributors, and dealers, and all other persons or firms whomsoever, from any and all claims, demands, obligations, actions, causes of action, rights of subrogation, and all liability whatsoever for or on account of any and all losses, injuries, damages, costs and expenses including those now or hereafter arising directly or indirectly from the Incident. The Releasor shall hold harmless and indemnify Releasee from any claims or actions by any of the Releasor's related parties, including, without limitation, parent companies, subsidiaries, affiliates, heirs, successors, or assigns for any claims made by, through, or under

PLF 1352

CONFIDENTIAL

Privilegiado y Confidencial | Privileged and Confidential

cesionarios, por cualesquier demandas realizadas por, a través de, o bajo el Otorgante.

Releasor.

k. En caso de que cualquier acción sea presentada por una Parte Relacionada del Otorgante en contra de la Parte Liberada, el Otorgante conviene que pagará todos los honorarios de abogados, gastos y costas erogados en la defensa de dicha demanda, siendo ésta además un incumplimiento del presente Convenio de Finiquito. Las partes en este acto acuerdan y reconocen que el alcance y las obligaciones establecidos mediante el presente instrumento son aplicables exclusivamente a las partes del mismo.

k. Should any cause of action by a Related Party of the Releasor be brought against the Releasee, Releasor agrees to pay all attorneys' fees, costs, and disbursements in defense of such claim as a material breach of this Release Agreement. Each party hereby acknowledges and agrees that the scope and binding obligations set forth in this release are applicable only to the parties hereto.

l. El presente Finiquito libera y exime no solo a la Parte Liberada, pero además de la misma forma y con el mismo alcance, a todos aquellos, tanto personas físicas como personas morales, que sean clasificados como ofensores (*tortfeasors*) solidarios bajo SDCL 15-8-11 a 15-8-22. Las partes en este acto manifiestan su intención de cancelar absolutamente cualquier causa de acción en contra de cualquier tal ofensor solidario, sin importar que dichos ofensores solidarios sean nombrados dentro del presente.

l. This Release does hereby discharge and release not only Releasee, but also in like manner and to the same extent all others, including individuals and corporations, who are classified as joint tortfeasors under SDCL 15-8-11 through 15-8-22. The parties do hereby intend to completely bar any right of action against any such joint tortfeasors whether or not such joint tortfeasors are named herein.

m. Por lo tanto, el Otorgante en este acto manifiesta que no se reserva derecho alguno a cualquier acción, ya sea de naturaleza civil, mercantil, administrativa o de cualquier otra índole como condición del presente Finiquito.

m. Therefore, the Releasor hereby states that it shall not reserve its right to any legal action thereto, whether civil, commercial, criminal, administrative or of any other type as a condition of this Release.

n. El presente Finiquito termina cualquier derecho de litigación correspondiente al Otorgante en contra de la Parte Liberada. Es decir, el Otorgante en este acto manifiesta de entera conformidad y al recibir el pago mencionado en líneas anteriores, que, respecto al Siniestro, no se reserva acción legal alguna, ya sea de índole civil, mercantil, penal, administrativa, o de cualquier otra índole. El presente Finiquito contiene la

n. This Release terminates any right of litigation held by Releasor against Releasee. Specifically, the Releasor hereby expressly states, having received payment and future payments identified herein that, it does not reserve any current or future legal action whatsoever, be it civil, commercial, criminal, administrative or any other type. This Release contains the entire Release

PLF 1353

EXHIBIT E

Privilegiado y Confidencial | Privileged and Confidential **CONFIDENTIAL**

totalidad del acuerdo entre las Partes del mismo. Las disposiciones aquí establecidas son contractuales y no meramente declaratorias. El representante legal del Otorgante, debidamente apoderado como tal, siendo mayor de edad, reconoce que ha leído el presente Finiquito, que conoce el contenido del mismo, y que lo firma de su libre y espontánea voluntad actuando en representación de Agropecuaria el Avión, S. de P. R. de R.L. ○

o. Las partes manifiestan que en la celebración del presente acto no existe error, dolo, violencia, mala fe, lesión, ni cualquier otro vicio del consentimiento, por lo que no se reservan acción o derecho alguno al respecto.

p. El presente Convenio de Finiquito, mediante los términos aquí establecidos, tendrá los efectos de un Pagaré, que será satisfecho al momento del pago final mencionado en el Párrafo 4(e). Hasta que el plazo haya vencido, la Parte Liberada le otorga al Otorgante todos los derechos y el carácter de acreedor asegurado bajo 11 U.S.C § 506, y estatutos correlativos, y conviene que dicho carácter no será anulado bajo ninguna circunstancia, y sobrevivirá cualquier liquidación o restructuración bajo cualesquier leyes o procedimientos de quiebra estatales o federales.

5. **Confidencialidad.** Adicionalmente se entiende y acuerda que el Otorgante o sus abogados o representantes no deberán revelar a terceras personas, salvo pacto contrario por escrito, los términos del finiquito, ni los montos, números o términos y condiciones de cualesquier sumas pagaderas al Otorgante bajo el presente, salvo por cualquier divulgación requerida por la ley, reglamentos administrativos, regulaciones u otros requerimientos sobre declaraciones ya sea en México o en USA. Además se entiende que podría ser necesaria la divulgación para recibir

Agreement between the Parties hereto. The terms of this Release are contractual and not merely recital. The Releasor's duly entitled legal representative, being of age of majority, acknowledges that he has read this Release, knows the contents thereof, and executes the same of his own free and knowing act on behalf of Agropecuaria el Avion, S. de P, R. de R.L.

o. Both Parties hereby acknowledge that in the execution of this instrument there has been no error, violations, deceit, bad faith, damages, duress or any other such defect and therefore they do not reserve their right to any action thereto.

p. The Release Agreement, by way of the terms provided herein, shall act for all purposes as a Promissory Note, which shall be satisfied upon the final payment set forth in Paragraph 4(e). Until such time has passed, Releasee grants Releasor full rights and status as a secured creditor under 11 U.S.C § 506, and related statutes, and agrees that said status shall not be void or voidable under any circumstances, and shall survive any discharge or reorganization under any state or federal bankruptcy laws or proceedings.

5. **Confidentiality.** The Parties further agree that it is in the best interest of each of them that neither Party, nor their attorneys or representatives, shall reveal to anyone, other than as may be expressly agreed to in writing, the Release Agreement or any of the terms thereof or any of the amounts, numbers, or terms and conditions of any sums payable to the Releasor hereunder, except as to any disclosure required by law, administrative rule, regulation, or other reporting requirements in either Mexico or the USA. The Parties understand that disclosure may be required to

10

EXHIBIT E

asesoría financiera o fiscal y en esos casos limitados, cada Parte deberá hacer su mejor esfuerzo para asegurarse de que los términos del presente Finiquito se mantengan privados y confidenciales. Adicionalmente, las Partes entienden que los términos del presente Convenio de Finiquito pueden ser importantes en lo que respecta a un litigio, por lo que las Partes, en caso de que la divulgación sea necesaria durante el curso de un litigio, acuerdan que dicha divulgación será permisible únicamente respecto a una orden de protección autorizada por una corte o agencia administrativa con jurisdicción y competencia aplicable ya sea en México o en USA, debiendo notificar a la otra Parte sobre dicha divulgación lo más pronto posible.

6. **Notificaciones.** Cualquier notificación requerida deberá hacerse por escrito y ser entregada (a) de forma personal, (b) por fax, o (c) por mensajería comercial con entrega al día siguiente garantizada y que entregue recibo, a los siguientes domicilios:

Al Otorgante:
Sovany Law, PLLC.
Attn: Herrick Sovany
Two Greenway Plaza, Suite 600
Houston, TX 77046
Fax: 713-229-8545

A la Parte Liberada:
Goodsell Quinn, LLP.
Attn: G. Verne Goodsell
246 Founders Park Drive, Suite 201
Rapid City, SD 57701
Fax: 605-343-3251

7. **Ejecución.**

a. El representante legal del Otorgante, debidamente facultado, declara que ha leído cuidadosamente el presente Finiquito, que ha tenido la oportunidad de consultarlo con abogados de su propia elección, que conoce el alcance y contenido del mismo y lo firma

obtain financial or tax advice, and in these limited events, each Party agrees to take every reasonable effort to ensure that the terms of this Release Agreement remain private and confidential. The Parties further understand that the terms of this Release Agreement may be material to litigation arising from the Incident and in the event that disclosure is necessary during the course of litigation, the Parties agree that such disclosure is permissible only pursuant to a protective order authorized by a court or administrative agency of competent jurisdiction in either Mexico or the USA, with notice of such disclosure being reported to the other Party as soon as practicable.

6. **Notice.** Any notices required shall be noticed in writing and shall be delivered (a) in person, (b) by facsimile, or (c) by a commercial overnight courier that guarantees next day delivery and provides a receipt, and such notices shall be as follows:

If to Releasor:
Sovany Law, PLLC.
Attn: Herrick Sovany
Two Greenway Plaza, Suite 600
Houston, TX 77046
Fax: 713-229-8545

If to Releasee:
Goodsell Quinn, LLP.
Attn: G. Verne Goodsell
246 Founders Park Drive, Suite 201
Rapid City, SD 57701
Fax: 605-343-3251

7. **Execution.**

a. The duly entitled legal representative of the Releasor states that he has carefully read the foregoing Release, has consulted with legal counsel of his choosing, knows the contents herein, and executes this Release accordingly on behalf of Agropecuaria el Avion S. de P.R.

11

PLF 1355

EXHIBIT E

CONFIDENTIAL

Privilegiado y Confidencial | Privileged and Confidential

debidamente en representación de Agropecuaria el Avión, S. de P.R. de R.L.

b. Comparece además por sus propios derechos y como Representante Legal de Agropecuaria el Avión, S. de P.R. de R.L., en pleno uso de sus facultades, en carácter de testigo, el Sr. David Castro Monroy, quien en este acto bajo protesta de decir verdad ratifica el hecho de que no tiene derecho alguno sobre el objeto del presente Convenio de Finiquito, ni sobre cualesquier compensaciones o responsabilidades que pudieran o hayan surgido como consecuencia del Siniestro.

de R.L.

b. Mr. David Castro Monroy appears, acting on his own behalf and as the Legal Representative of Agropecuaria el Avion, S. de P.R. de R.L. as witness hereto, and in full use of his faculties, hereby represents and warrants, under penalty of perjury, that he has no rights over the subject of this Release Agreement, nor over any compensations or liabilities that may or have risen as a result of the Incident.

[PÁGINA DE FIRMAS A CONTINUACIÓN / SIGNATURE PAGE TO FOLLOW]

PLF 1356

EXHIBIT E

Privilegiado y Confidencial | Privileged and Confidential   CONFIDENTIAL

Suscrito en este día ___ de ____, 2016.

Executed this _____ 18th _____ day of _____ March _____ 2016.

**RELEASOR/OTORGANTE:**                    **RELEASEE/PARTE LIBERADA:**

_____                    _____
Agropecuaria el Avion, S. de P.R. de R.L.   Sioux Steel Company
By/Por: Its Legal Representative/Su         By/Por: Its Legal Representative/Su
Representante Legal                         Representante Legal
David Martin Castro Monroy                  Phillip Rysdon

_____                    _____
On his own behalf/Por sus propios derechos  Sioux Steel Company
David Martin Castro Monroy                  By/Por: Its Legal Representative/Su
                                            Representante Legal
                                            Scott Rysdon

13

PLF 1357

Privilegiado y Confidencial | Privileged and Confidential  CONFIDENTIAL

THE STATE OF SOUTH DAKOTA      §
                                     §

COUNTY OF MINNEHAHA          §

         The foregoing instrument was acknowledged before me this 18th day of March, 2016, by Mr. Phillip Rydson, the legal representative and Chairman of the Board and Vice President of Sioux Steel Company, a South Dakota Corporation, for and on behalf of said Corporation. Such person is personally known to the undersigned or produced _____ as identification.

{Notary Seal must be affixed}

AMY L. ELLIS
Notary Public
SEAL
South Dakota

Name: Amy Ellis
Notary Public, State of South Dakota
My Commission Expires: 2/19/2019
Commission No.:

14

PLF 1358

EXHIBIT E

CONFIDENTIAL

Privilegiado y Confidencial | Privileged and Confidential

THE STATE OF SOUTH DAKOTA      §
                                          §

COUNTY OF MINNEHAHA           §

        The foregoing instrument was acknowledged before me this 18th day of March, 2016, by Mr. Scott Rydson, the legal representative and President of Sioux Steel Company, a South Dakota corporation, for and on behalf of said corporation. Such person is personally known to the undersigned or produced _____ as identification.

{Notary Seal must be affixed}

AMY L ELLIS
Notary Public
SEAL
South Dakota

Name: Amy Ellis
Notary Public, State of South Dakota
My Commission Expires: 2/19/2019
Commission No.:

15

PLF 1359

EXHIBIT E

CONFIDENTIAL



— EN LA CIUDAD DE TEPIC, CAPITAL DEL ESTADO DE NAYARIT, A LOS 29 VEINTINUEVE DE MARZO DEL AÑO 2016 DOS MIL DIECISEIS, ANTE MI, **LICENCIADO CATARINO JIMENEZ CASTAÑEDA**, NOTARIO PUBLICO NUMERO 16 DIECISEIS, DE LA PRIMERA DEMARCACION NOTARIAL, **CERTIFICO QUE ANTE MI COMPARECIO:** -----------------------------------------------------

···· **EL C. DAVID MARTIN CASTRO MONROY**, QUIEN BAJO PROTESTA DE DECIR VERDAD Y ENTERADO POR EL SUSCRITO NOTARIO DE LAS PENAS EN QUE INCURREN QUIENES SE CONDUCEN CON FALSEDAD MANIFESTO SER MEXICANO, MAYOR DE EDAD, CASADO DE OCUPACION EMPRESARIO, ORIGINARIO Y VECINO DE TEPIC, NAYARIT; NACIDO EL DIA 08 DE MAYO DE 1975, CON DOMICILIO EN CALLE PRIVADA CEREZOS NUMERO 35, COLONIA AVES DEL PARAISO, QUIEN SE IDENTIFICA CON CREDENCIAL PARA VOTAR CON FOTOGRAFIA EXPEDIDA POR EL I. F.E CON CLAVE DE ELECTOR CSMNDV75050818H900; QUE COINCIDE CON LA PERSONA EN MENCIÓN. ---------------------------------------------------

---- A QUIEN CONCEPTUÓ CON CAPACIDAD LEGAL PARA CONTRATAR Y OBLIGARSE POR NO OBSERVAR NADA EN CONTRARIO, Y MANIFESTO: --------------------------------------------------

---- QUE COMPARECE ANTE EL SUSCRITO NOTARIO PUBLICO EXHIBIENDOME UN DOCUMENTO QUE CONTIENE UN CONVENIO INTERNACIONAL DE FINIQUITO Y RENUNCIA A RECLAMACIONES 'POR DAÑOS Y PERJUICIOS TRADUCIDO AL IDIOMA ESPAÑOL-INGLES, EL QUE TIENE INTERES DE FIRMARLO Y RATIFICAR SU FIRMA ANTE EL SUSCRITO NOTARIO PUBLICO, EN SU CARÁCTER DE REPRESENTANTE LEGAL DE LA EMPRESA **AGROPECUARIA EL AVION, SOCIEDAD DE PRODUCCION RURAL DE RESPONSABILIDAD LIMITADA**, HACIENDO LA ACLARACION QUE CONTIENE ADEMAS EL NOMBRE DEL REPRESENTANTE LEGAL DE LA EMPRESA SIOUX STEEL COMPANY, QUE CONTIENE SU FIRMA EN ORIGINAL Y QUE FUE RATIFICADA ANTE AMY L. ELLIS, NOTARIO PUBLICO DEL ESTADO DE SOUTH DAKOTA ---------------------------------------------------------------------------------------------------

---- ACCEDIENDO A LA SOLICITUD DEL C. **DAVID MARTIN CASTRO MONROY**, PROCEDO A RATIFICAR LA FIRMA DEL PRESENTE CONVENIO, QUE CONTIENE SU VOLUNTAD EXPRESA Y QUE RECONOCE COMO SUYA LA FIRMA QUE LO CALZA, POR HABER SIDO PUESTA DE SU PUÑO Y LETRA, FIRMANDO NUEVAMENTE EN UNIÓN DEL SUSCRITO NOTARIO, PARA SU CONSTANCIA, DE LO QUE DOY FE, PARA LOS EFECTOS LEGALES QUE PROCEDAN.------------



DAVID MARTIN CASTRO MONROY.

LIC. CATARINO JIMENEZ CASTAÑEDA
NOTARIO PÚBLICO NUMERO 16.

PLF 1360

EXHIBIT E

CONFIDENTIAL

México

GENERAL DE GOBIERNO
DIRECCIÓN ESTATAL DE
PROFESIONES Y ACTIVIDADES
TÉCNICAS

Nº 6069

**NAY**

## Apostille

( Convention de la Haye du 5 octobre 1961)

Derechos ___09879659___

No. de orden _6069_____

En México el presente documento público ha sido firmado por _____

EL C LIC. CATARINO JIMENEZ CASTAÑEDA

Quien actúa en calidad de _____ _____

NOTARIO PUBLICO NUMERO 16

y está revestido del sello correspondiente a ___CATARINO JIMENEZ CASTAÑEDA TITULAR NOTARIA___
16 TEPIC, NAYARIT

Certificado en ___TEPIC, NAYARIT___ por_LA C. LIC. MARCIA IVETTE BERNAL MENDOZA_
DIRECTORA ESTATAL DE PROFESIONES Y ACTIVIDADES TÉCNICAS.

_el 30_ de _MARZO_____ de _2016_

GOBIERNO DEL EDO. DE NAY
SECRETARIA
GENERAL DE GOBIERNO
DIRECCIÓN ESTATAL DE
TÉCNICAS

Firma

EXHIBIT E

CONFIDENTIAL





PLF 1362

EXHIBIT E