UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SIOUX STEEL COMPANY, a South Dakota corporation,<br><br>     Plaintiff,<br><br>vs.<br><br>KC ENGINEERING, P.C., an Iowa corporation,<br><br>     Defendant. | 4:15-CV-04136-KES<br><br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Plaintiff, Sioux Steel Company, filed an amended complaint alleging that defendant, KC Engineering, P.C., was negligent. Docket 17. KC Engineering moves for summary judgment on Sioux Steel's claim for negligence arguing that Sioux Steel's contributory negligence was greater than slight and bars recovery. Docket 30.

**FACTUAL BACKGROUND**

The facts, viewed in the light most favorable to the non-moving party, are as follows:

Sioux Steel manufactures and sells hopper silos for handling and storing grain commodities. Docket 31 at 1. Sioux Steel designed and manufactured a 30' Diameter Hopper Cone Assembly and silo bin. *Id.* The Hopper Bin was a new type of bin that was part of Sioux Steel's new product line expansion. *Id.* at 2. Sioux Steel's engineer, Chad Kramer, designed the Hopper Bin. *Id.* Kramer

was the only engineer at Sioux Steel who reviewed or oversaw the design of the Hopper Bin. *Id.* During the initial design of the Hopper Bin, Kramer calculated various loads, forces, and stresses that would be applied on the vertical and horizontal seams. *Id.* Also, Kramer calculated the utilization ratio of the seams; this ratio shows how much of the allowable capacity is utilized. *Id.* Kramer's utilization ratio was problematic, however, due to a math error and/or mistake that was made by Kramer. *Id.* at 3. Kramer used the wrong formula for calculating the ratio. *Id.* If properly calculated, it would have shown that multiple vertical seams of the Hopper Bin were over-stressed. *Id.* at 2.

Before Sioux Steel started manufacturing and selling the Hopper Bin, Sioux Steel retained KC Engineering to perform a structural engineering analysis and design review of two of Sioux Steel's hopper cones. *Id.* Sioux Steel designed the two cones to be used with its eighteen and thirty-foot diameter grain bins. *Id.* KC Engineering's review included inputting Sioux Steel's design through a software program and reviewing Sioux Steel's drawings and calculations that were provided to KC Engineering. *Id.* at 4. Sioux Steel did not provide the calculations to KC Engineering, but did provide drawings. *Id.* KC reviewed the drawings, but did not review the calculations. *Id.* KC Engineering did not do a full analysis of the design, but instead conducted a "spot check." *Id.* at 5. During its spot checks, KC Engineering reviewed the horizontal connections, but not the vertical connections. *Id.* KC Engineering provided its review in a report to Sioux Steel. *Id.* Sioux Steel's review/reading of KC

Engineering's report is disputed. Docket 41 at 7. The report documented what was checked in KC Engineering's review. Docket 31 at 5.

After Sioux Steel received KC Engineering's report, Sioux Steel sold the Hopper Bin to Agropecuaria El Avion. *Id.* at 1. Agropecuaria installed the Hopper Bin at one of its plants in Tepic, Mexico. *Id.* The Hopper Bin structurally failed when its seams separated and discharged the contents of the silo. *Id.* This structural failure caused fatal injuries to two Agropecuaria employees and the bin was destroyed. *Id.* Under a settlement agreement, Sioux Steel paid Agropecuaria $1 million in damages as full settlement. *Id.* at 2.

Sioux Steel filed a lawsuit against KC Engineering, alleging that KC Engineering was negligent when it failed to identify the utilization ratio error in the Hopper Bin's initial design. *Id.* at 2. Sioux Steel alleges that as a direct and proximate cause of KC Engineering's alleged negligence, Sioux Steel has incurred damages for the failure of the Hopper Bin. *Id.* at 5.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet its burden by presenting evidence that there is no dispute of material fact or that the nonmoving party has not presented evidence to support an element of its case on which it bears the ultimate burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To avoid summary judgment, "[t]he nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the

record the existence of specific facts which create a genuine issue for trial.'" *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005) (quoting *Krenik v. Cty. of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995)). Summary judgment is precluded if there is a genuine dispute of fact that could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a summary judgment motion, the court views the facts and the inferences drawn from such facts "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

Sioux Steel claims that KC Engineering acted negligently when it breached its professional duty of care to Sioux Steel by failing to identify the design defect in the vertical seam of the Hopper Bin and approving the design plans with defects. KC Engineering moves for summary judgment on the claim arguing that Sioux Steel's contributory negligence bars Sioux Steel's negligence claim.

Contributory negligence occurs when the plaintiff's conduct amounts to a breach of its legal duty to protect persons from injury, occurs simultaneously with the defendant's negligence, and contributes to the plaintiff's injury. *Starnes v. Stofferahn*, 160 N.W.2d 421, 426 (S.D. 1968). South Dakota uses a comparative negligence approach.[1] *See* SDCL § 20-9-2. A plaintiff cannot

---

[1] South Dakota substantive law governs this diversity action. Federal courts sitting in diversity cases "are to apply state substantive law and federal

4

recover if his negligence is more than slight in comparison to the defendant's negligence. *Id.* But a plaintiff can recover if his negligence was slight or less than slight in comparison with the defendant's, although his recovery would be reduced. *Id.*

"Summary judgment should not be granted on the ground of contributory negligence except in an extraordinary, unusual, or rare case . . . ." *Wilson v. Great N. Ry. Co.,* 157 N.W.2d 19, 22 (S.D. 1968) (citing *Kennedy v. Bennett,* 261 F.2d 20 (8th Cir. 1958)). Generally, contributory negligence "should be resolved by trial in the ordinary manner . . . ." *Theunissen v. Brisky,* 438 N.W.2d 221, 223 (S.D. 1989) (quoting *Wilson,* 157 N.W.2d at 22) (reasoning that the trial court should wait until the evidence is in and a directed verdict motion is made since there is no "diminution in the evidentiary burden" because the plaintiff's negligence must be compared to the negligence of the defendant). "What constitutes due care and other questions relating to . . . contributory negligence are generally questions of fact for the jury." *Lovell v. Oahe Elec. Co-op.,* 382 N.W.2d 396, 399 (S.D. 1986).

But a court may grant summary judgment for the defendant when there are undisputed facts that the plaintiff's negligence was more than slight. *Theunissen,* 438 N.W.2d at 223. "Slight" in regard to negligence has been defined by the South Dakota Supreme Court as "small in quantum in comparison with the negligence of the defendant." *Estate of He Crow by He Crow*

---

procedural law." *Hanna v. Plumer,* 380 U.S. 460, 465 (1965) (citing *Erie R. Co. v. Tompkins,* 304 U.S. 64 (1938)).

5

*v. Jensen*, 494 N.W.2d 186, 188 (S.D. 1992) (quoting *Crabb v. Wade*, 167 N.W.2d 546, 549 (S.D. 1969)).

As defendant argued in its brief, courts in South Dakota have barred a plaintiff's negligence claim based on the court's finding that plaintiff's contributory negligence was more than slight as a matter of law. *See, e.g., Lovell*, 382 N.W.2d at 399 (granting a directed verdict for the defendant after the court found plaintiffs' contributory negligence was more than slight as a matter of law when plaintiffs failed to take any precautions to protect themselves). But courts in South Dakota seldom rule that a plaintiff's negligence is more than slight as a matter of law for summary judgment. *See Esterling v. McGehee*, 102 F. Supp. 3d 1116, 1120-23 (D.S.D. 2015) (denying plaintiff's motion for summary judgment on defendant's contributory negligence defense as a genuine issue of material fact existed as to plaintiff's contributory negligence); *Skrovig v. BNSF Ry. Co.*, 855 F. Supp. 2d 933, 948 (D.S.D. 2012) (denying defendant's motion for summary judgment because a genuine issue of material fact existed); *Carpenter v. City of Belle Fourche*, 609 N.W.2d 751, 760 (S.D. 2000) (affirming the trial court's denial of summary judgment and holding that the issue of comparative negligence was properly left for the jury); *Theunissen*, 438 N.W.2d at 224 (holding that the trial court erred in granting summary judgment and ruling that the decedent was contributorily negligent because there was a question of fact whether the decedent used due care); *Wilson*, 157 N.W.2d at 24 (holding that the trial court erred when it entered summary judgment as there was a genuine issue of material fact on the issue of contributory negligence).

Here, in line with most of the cases in South Dakota, KC Engineering's motion for summary judgment is denied. The facts do not show beyond any dispute that Sioux Steel committed negligence more than slight in comparison to KC Engineering. Rather, it is a jury question to determine whether Sioux Steel was in fact negligent due to Kramer's mistake in using the wrong formula in the design of the Hopper Bin, Sioux Steel's failure to have other engineers review Kramer's design, Sioux Steel's failure to send Kramer's calculation to KC Engineering and Sioux Steel's failure to review KC Engineering's report. KC Engineering has not provided the court with an expert opinion to establish the standard of care applicable to an engineer and whether Kramer violated this standard of care, if the standard of care requires engineers to conduct internal checks and reviews of an engineer's work, and whether the standard of care is violated if an engineer fails to review the work of a reviewing engineer. Additionally, there are disputes of material facts in the record regarding whether Kramer was asked to provide his calculations for review and the extent of Kramer's review of KC Engineering's report. Thus, this is not "a *clear* case" and the court would not be "justified in taking these issues from the jury." *Skrovig*, 855 F. Supp. 2d at 948 (emphasis in original) (citation omitted).

Even if this court were to find that Sioux Steel was negligent, its negligence must still be compared to KC Engineering's negligence to bar plaintiff from recovery. Generally, such a determination would be for a jury as "[i]t is a question of fact which varies with the facts and circumstances of each case . . . ." *Estate of He Crow by He Crow*, 494 N.W.2d at 188.

Thus, the lack of evidence establishing the standard of care and the material factual disputes prevents this court from ruling as a matter of law that Sioux Steel's alleged contributory negligence was more than slight. Each party's negligence depends on disputed facts that a jury must determine.

Considering the record before this court and giving Sioux Steel the benefit of a most favorable view of the facts and all reasonable inferences that may be drawn therefrom, there is a genuine issue of material facts on the issue of contributory negligence. For these reasons, KC Engineering's motion for summary judgment based on Sioux Steel's contributory negligence being greater than slight to bar recovery is denied.

## CONCLUSION

In conclusion, it is

ORDERED that KC Engineering's motion for summary judgment (Docket 30) is DENIED.

Dated September 19, 2018.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE